IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:18CR61-1 |
| v. | : | |
| TIMOTHY GEORGE DOWD | : | PLEA AGREEMENT |

NOW COME the United States of America, by and through Matthew G.T. Martin, United States Attorney for the Middle District of North Carolina, and the defendant, TIMOTHY GEORGE DOWD, in his own person and through his attorney, Ira R. Knight, and state as follows:

1. The defendant, TIMOTHY GEORGE DOWD, is presently under Indictment in case number 1:18CR61-1, which in Count One charges him with a violation of Title 18, United States Code, Section 875(c), communicating threats in interstate commerce; and which in Count Two charges him with a violation of Title 18, United States Code, Section 1001(a)(2), false statements.

2. The defendant, TIMOTHY GEORGE DOWD, will enter a voluntary plea of guilty to Count One of the Indictment herein. The nature of this charge and the elements of this charge, which must be proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to him by his attorney.

a. The defendant, TIMOTHY GEORGE DOWD, understands that, as to Count One of the Indictment herein, the maximum term of imprisonment is not more than five years, and the maximum fine for Count One of the Indictment herein is $250,000. If any person derived pecuniary gain from the offense, or if the offense resulted in pecuniary loss to a person other than the defendant, TIMOTHY GEORGE DOWD, the defendant may, in the alternative, be fined not more than the greater of twice the gross gain or twice the gross loss unless the Court determines that imposition of a fine in this manner would unduly complicate or prolong the sentencing process. The fine provisions are subject to the provisions of Title 18, United States Code, Section 3571, entitled "Sentence of Fine."

b. The defendant, TIMOTHY GEORGE DOWD, also understands that the Court may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release of not more than three years after imprisonment, pursuant to Title 18, United States Code, Section 3583.

c. The defendant, TIMOTHY GEORGE DOWD, understands that the Court shall order, in addition to any other penalty authorized by law, that the defendant make restitution to any victim of the offense to which he is pleading guilty, pursuant to Title 18, United States Code, Section 3663A(a)(1).

The defendant, TIMOTHY GEORGE DOWD, further agrees to pay restitution, as determined by the Court, to any victims harmed by defendant's "relevant conduct," as defined by U.S.S.G. § 1B1.3, pursuant to Title 18, United States Code, Section 3663A(a)(3).

d. The defendant, TIMOTHY GEORGE DOWD, further understands that the sentence to be imposed upon him is within the discretion of the sentencing Court subject to the statutory maximum penalties set forth above. The sentencing Court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing Court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing Court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

e. The defendant, TIMOTHY GEORGE DOWD, understands that if he is not a citizen of the United States that entering a plea of guilty may have adverse consequences with respect to his immigration status. The defendant, TIMOTHY GEORGE DOWD, nevertheless wishes to enter a voluntary plea of guilty regardless of any immigration consequences his guilty

3

plea might entail, even if such consequence might include automatic removal and possibly permanent exclusion from the United States.

3. By voluntarily pleading guilty to Count One of the Indictment herein, the defendant, TIMOTHY GEORGE DOWD, knowingly waives and gives up his constitutional rights to plead not guilty, to compel the United States to prove his guilt beyond a reasonable doubt, not to be compelled to incriminate himself, to confront and cross-examine the witnesses against him, to have a jury or judge determine his guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

4. The defendant, TIMOTHY GEORGE DOWD, is going to plead guilty to Count One of the Indictment herein because he is, in fact, guilty and not because of any threats or promises.

5. The extent of the plea bargaining in this case is as follows:

a. It is further agreed that upon the acceptance by the Court of a guilty plea by the defendant, TIMOTHY GEORGE DOWD, to Count One of the Indictment herein, the United States of America and the defendant, TIMOTHY GEORGE DOWD, agree that a sentence of three years of probation is the appropriate disposition of the case. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. It is further understood that should the Court reject this portion of the Plea Agreement, the defendant shall have the opportunity to withdraw

his guilty plea to Count One of the Indictment herein, pursuant to Rule 11(c)(5)of the Federal Rules of Criminal Procedure.

b.  Upon the acceptance by the Court of a guilty plea by the defendant, TIMOTHY GEORGE DOWD, to Count One of the Indictment herein, and at the conclusion of the sentencing hearing thereon, the United States will not oppose a motion to dismiss the remaining count of the Indictment herein as to the defendant, TIMOTHY GEORGE DOWD. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.

c.  It is understood that if the Court determines at the time of sentencing that the defendant, TIMOTHY GEORGE DOWD, qualifies for a 2-point decrease in the offense level under Section 3E1.1(a) of the Sentencing Guidelines and that the offense level prior to the operation of Section 3E1.1(a) is 16 or greater, then the United States will recommend a decrease in the offense level by 1 additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure.

d.  The defendant, TIMOTHY GEORGE DOWD, hereby abandons interest in, and consents to the official use, destruction, or other disposition of each item seized and/or maintained by any law enforcement agency during the course of the investigation, unless such item is specifically

5

provided for in another section of this plea agreement. The defendant, TIMOTHY GEORGE DOWD, waives any and all notice of any proceeding to implement the official use, destruction, or other disposition of such items.

  e. It is further agreed by and between the United States and the defendant, TIMOTHY GEORGE DOWD, that, in exchange for the Government's agreement that no term of imprisonment be imposed, the defendant, TIMOTHY GEORGE DOWD, expressly waives the right to appeal the conviction and whatever sentence is imposed on any ground, including any appeal right conferred by Title 18, United States Code, Section 3742(a), and further to waive any right to contest the conviction or the sentence in any post-conviction proceeding, including any proceeding under Title 28, United States Code, Section 2255, excepting the defendant's right to appeal or collaterally attack based upon grounds of (1) ineffective assistance of counsel, (2) prosecutorial misconduct not known to the defendant at the time of the defendant's guilty plea, (3) a sentence in excess of the statutory maximum, and (4) a sentence based on an unconstitutional factor, such as race, religion, national origin or gender.

  6. The defendant, TIMOTHY GEORGE DOWD, agrees that pursuant to Title 18, United States Code, Section 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment and subject to immediate enforcement by the United States. The defendant agrees

6

Case 1:18-cr-00061-WO   Document 21   Filed 04/23/18   Page 6 of 8

that if the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

7. The defendant, TIMOTHY GEORGE DOWD, agrees that his debt resulting from the criminal monetary penalties due under the criminal judgment will be submitted to the Treasury Offset Program even if he is current in his payments under any Court imposed payment schedule.

8. It is further understood that the United States and the defendant, TIMOTHY GEORGE DOWD, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

9. The defendant, TIMOTHY GEORGE DOWD, further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $100 for each offense to which he is pleading guilty. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

10. No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set

7

forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.

This the 19 day of April, 2018.

MATTHEW G.T. MARTIN
United States Attorney

IRA R. KNIGHT
Attorney for Defendant

TERRY M. MEINECKE
NCSB #22082
Assistant United States Attorney
101S. Edgeworth St., 4th Floor
Greensboro, NC 27401
336/333-5351

TIMOTHY GEORGE DOWD
Defendant